**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                                                          : Chapter 13
    **Cabiness, Angela M.**

                                                                :              04-31623

    **Debtor(s)**                                                                                                    :

## CHAPTER 13 PLAN

1. The Future earnings of the debtor are submitted to the supervision and control of the trustee and the *debtor - debtor's employer* shall pay to the trustee the sum of **$525 Monthly for 60 Months**
2. From the payments so received, the trustee shall make disbursements as follows:

(a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. section 507. Balance of legal fees of $1,800.00 to be paid to John L. McClain, Esquire.
Payment of legal fees for any post confirmation services rendered in the administration and prosecution of this case shall be paid as an administrative expense pursuant to an "Order for Allowance of Supplemental Compensation" unless paid by the debtor(s) outside the plan.
**Commonwealth of Pennsylvania** to be paid any arrears under the plan per allowed proof of claim filed, if any.

(b)(i) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    The current payments on the first, second & third mortgages on the debtor's home and the mortgage on debtor's rental property, held by **Pa Housing Finance(Wachovia), Ditech, American General and Fairbanks Capital** , will be paid by the debtor directly to that creditor with any arrearage amount to be paid under the plan.
    **City of Philadelphia**(Real Estate Taxes for rental property) to be paid arrears under the plan, per allowed proof of claim filed, if any.
    **Chase Manhatten Auto Finance**(car note) to be paid arrears under the plan, with current payments outside the plan.
    All secured proof of claims which have been filed as purchase money security interest (i.e. store credit cards) **shall be** paid per allowed proof of claim filed, if any.
    All secured proof of claims which have been filed as secured with a lien against the debtor's personal property and as without the designation of purchase money security interest **shall not** be paid as secured, but share with unsecured creditors only. Nonpossessory, nonpurchase money security interest in debtor's household goods held by the creditor is hereby avoid pursuant to section 522(f).
(b)(ii) All claims filed as unsecured or priority but identified as 1, 2, 3, 4 (below) shall be classed accordingly, with the plan providing for the same treatment as for all other similarly identified claims in that particular class. The plan identifies, classifies and treats any unsecured, non-priority claims as follows: 1) debts with a codebtor and/or 2) debts nondischargeable pursuant to 11 U.S.C. 523 shall be paid under the plan in full per allowed proof of claim filed, if any, unless stated otherwise above in (b)(i); 3) any debt which is against any retirement fund of any sort, shall be paid outside the plan unless stated otherwise; and 4) all other unsecured debts whose claims are duly allowed shall be treated pursuant to paragraph 2(c).
(c) Subsequent to pro rata with dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows: If the plan payments extend beyond 36 months, then the balance, if any, to be paid to the above named mortgage company, if one is listed, if not to unsecured creditors on a pro rata basis of their claims, after all other claims are paid. Unsecured claims shall receive not less than the amount that would be paid on each claim if the estate were liquidated under Chapter 7.
3. The following executory contracts of the debtor are rejected:
Title to the debtor's property shall revest in the debtor *on confirmation - upon dismissal of the case after confirmation pursuant to 11 U.S.C. section 350.*
    I (we) do hereby give John L. McClain the Power of Attorney to amend this plan by way of addendum by increasing the above-stated monthly payment amount or by extending the duration of the plan up to a total of 60 months as may be necessary to make said plan feasible.

Dated: August 27, 2004     "s/_____
                                    Angela M. Cabiness, Debtor